Mathew K. Higbee, Esq. SBN 241380
Katherine A. Sandoval, Esq. SBN 303656
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
Phone: (714) 617-8385
Fax: (714) 617-8511
Email: consumeradvocacy@higbeeassociates.com

*Attorneys for Plaintiff*
KENDRA DERDEN

# UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDRA DERDEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DIVERSIFIED ADJUSTMENT SERVICE, INC., a Minnesota Corporation; and, DOES 1 through 10,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, KENDRA DERDEN, for her Complaint against Defendant and each of them, alleges as follows:

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15

U.S.C. 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

2.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3.  KENDRA DERDEN (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of DIVERSIFIED ADJUSTMENT SERVICE, INC. (hereinafter "Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.  For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

5.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend her Complaint to allege their true

---

[1] 15 U.S.C. 1692(a)-(e)
[2] Cal. Civ. Code 1788.1 (a)-(b)

names and capacities when known.

6. Defendants, and DOES 1 through 10, and each of them, aided and abetted, encouraged and rendered substantial assistance in accomplishing the wrongful conduct and their wrongful goals and other wrongdoing complained of herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoings complained of, each of the defendants, and DOES 1 through 10, acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

8. This action arises out of Defendant's violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*.

9. Because Defendant does business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

11. Plaintiff resides in the City of San Pablo, County of Contra Costa, State of California, and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant

1  is a Minnesota corporation operating from the City of Coon Rapids, County of
2  Anoka, State of Minnesota.
3     14.  Plaintiff is informed and believes, and thereon alleges, that Defendant
4  conducted business within the City of San Pablo, County of Contra Costa, State of
5  California.
6     15.  Plaintiff is informed and believes, and thereon alleges, that Defendant
7  is a person who uses an instrumentality of interstate commerce or the mails in any
8  business the principal purpose of which is the collection of any debts, or who
9  regularly collects or attempts to collect, directly or indirectly, debts owed or due or
10 asserted to be owed or due another and are "debt collectors" as that term is defined
11 by 15 U.S.C. § 1692a(6).
12     16.  Plaintiff is informed and believes, and thereon alleges, that Defendant
13 is not an attorney or counselor at law and are persons who, in the ordinary course
14 of business, regularly, on behalf of themselves or others, engages in debt collection
15 as that term is defined by California Civil Code § 1788.2(b), and are "debt
16 collectors" as that term is defined by California Civil Code § 1788.2(c).
17     17.  This case involves money, property or their equivalent, due or owing
18 or alleged to be due or owing from a natural person by reason of a consumer credit
19 transaction.  As such, this action arises out of a "consumer debt" and "consumer
20 credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

18.  At all times relevant, Plaintiff was an individual residing within the State of California.

19.  Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

20.  Plaintiff allegedly incurred financial obligations that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is

defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

22. Plaintiff is informed and believes, and thereon alleges, that Defendant purchased this debt.

23. On or about March 20, 2015, Plaintiff retained the Law Firm of Higbee & Associates (hereinafter "Higbee & Associates") and appointed Higbee & Associates as attorney in fact with full power and authority with respect to the alleged debt with Defendant.

24. On or about November 6, 2015, Higbee & Associates forwarded a copy of the executed Power of Attorney (hereinafter "POA") via facsimile to GC Services, a previous debt collector on the matter, at (713) 776-6521. Pursuant to the POA, all communication regarding the alleged debt directed to Plaintiff was to immediately cease and instead be directed to Higbee & Associates. The POA clearly indicated Higbee & Associates' name and contact information.

25. On or about November 9, 2015, at approximately 9:41 a.m. and 5:44 p.m., an unidentified agent of Defendant called Plaintiff twice at (510) 417-0763 from (510) 962-6437 in an attempt to collect on the alleged debt. This call was made with the knowledge that Plaintiff was represented by attorneys at Higbee & Associates. Higbee & Associates did not fail to answer any correspondence from Defendant and did not provide prior consent to directly communicate with Plaintiff. Thus, Defendant violated 15 U.S.C. §1692c(a)(2) and California Civil Code § 1788.14(c) by initiating communications with Plaintiff after it had been notified in writing that she was represented by attorneys. Further, because Defendant's actions violated 15 U.S.C. § 1692c, Defendant also violated California Civil Code §1788.17.

26. On or about November 10, 2015 at approximately 2:02 p.m., Tom Popal, an agent of Higbee & Associates, called Defendant at (510) 695-2472 and spoke with Tyler, an agent of Defendant. During this conversation, Mr. Popal was informed that Defendant was now managing the account. Additoinally, Mr. Popal confirmed with that Defendant that they were aware of the representation of Higbee & Associates. Tyler stated they did not require an additional POA as they had Higbee & Associates POA on file.

27. On or about November 10, 2015 at approximately 4:10 p.m., an unidentified agent of Defendant called Plaintiff at (510) 417-0763 from (510) 962-5199 in an attempt to collect on the alleged debt. This call was made with the knowledge that Plaintiff was represented by attorneys at Higbee & Associates since Defendant had previously confirmed it had Plaintiff's POA on file. Higbee & Associates did not fail to answer any correspondence from Defendant and did not provide prior consent to directly communicate with Plaintiff. Thus, Defendant violated 15 U.S.C. §1692c(a)(2) and California Civil Code § 1788.14(c) by initiating communications with Plaintiff after it had been notified in writing that she was represented by attorneys. Further, because Defendant's actions violated 15 U.S.C. § 1692c, Defendant also violated California Civil Code §1788.17.

28. On or about November 10, 2015 at approximately 4:27 p.m., Higbee & Associates forwarded a copy of the executed Power of Attorney (hereinafter "POA") via facsimile to Defendant at (763) 780-9338. Pursuant to the POA, all communication regarding the alleged debt directed to Plaintiff was to immediately cease and instead be directed to Higbee & Associates. The POA clearly indicated Higbee & Associates' name and contact information.

29. On or about November 11, 2015, at approximately 2:14 p.m., an unidentified agent of Defendant called Plaintiff at (510) 417-0763 from (510) 931-6678 in an attempt to collect on the alleged debt. This call was made with the knowledge that Plaintiff was represented by attorneys at Higbee & Associates.

Higbee & Associates did not fail to answer any correspondence from Defendant and did not provide prior consent to directly communicate with Plaintiff. Thus, Defendant violated 15 U.S.C. §1692c(a)(2) and California Civil Code § 1788.14(c) by initiating communications with Plaintiff after it had been notified in writing that she was represented by attorneys. Further, because Defendant's actions violated 15 U.S.C. § 1692c, Defendant also violated California Civil Code §1788.17.

30. On or about November 13, 2015, at approximately 9:52 a.m., an unidentified agent of Defendant called Plaintiff at (510) 417-0763 from (510) 962-5199 in an attempt to collect on the alleged debt. This call was made with the knowledge that Plaintiff was represented by attorneys at Higbee & Associates. Higbee & Associates did not fail to answer any correspondence from Defendant and did not provide prior consent to directly communicate with Plaintiff. Thus, Defendant violated 15 U.S.C. §1692c(a)(2) and California Civil Code § 1788.14(c) by initiating communications with Plaintiff after it had been notified in writing that she was represented by attorneys. Further, because Defendant's actions violated 15 U.S.C. § 1692c, Defendant also violated California Civil Code §1788.17.

31. On or about November 16, 2015 at approximately 12:51 p.m., an unidentified agent of Defendant called Plaintiff at (510) 417-0763 from (510) 962-5199 in an attempt to collect on the alleged debt. This call was made with the knowledge that Plaintiff was represented by attorneys at Higbee & Associates. Higbee & Associates did not fail to answer any correspondence from Defendant and did not provide prior consent to directly communicate with Plaintiff. Thus, Defendant violated 15 U.S.C. §1692c(a)(2) and California Civil Code § 1788.14(c) by initiating communications with Plaintiff after it had been notified in writing that she was represented by attorneys. Further, because Defendant's actions violated 15 U.S.C. § 1692c, Defendant also violated California Civil Code §1788.17.

32. On or about November 18, 2015, at approximately 4:53 p.m., an unidentified agent of Defendant called Plaintiff at (510) 417-0763 from (510) 962-

5255 in an attempt to collect on the alleged debt. This call was made with the knowledge that Plaintiff was represented by attorneys at Higbee & Associates. Higbee & Associates did not fail to answer any correspondence from Defendant and did not provide prior consent to directly communicate with Plaintiff. Thus, Defendant violated 15 U.S.C. §1692c(a)(2) and California Civil Code § 1788.14(c) by initiating communications with Plaintiff after it had been notified in writing that she was represented by attorneys. Further, because Defendant's actions violated 15 U.S.C. § 1692c, Defendant also violated California Civil Code §1788.17.

33. On or about November 24, 2015, at approximately 8:21 p.m., an unidentified agent of Defendant called Plaintiff at (510) 417-0763 from (510) 962-5255 in an attempt to collect on the alleged debt. This call was made with the knowledge that Plaintiff was represented by attorneys at Higbee & Associates. Higbee & Associates did not fail to answer any correspondence from Defendant and did not provide prior consent to directly communicate with Plaintiff. Thus, Defendant violated 15 U.S.C. §1692c(a)(2) and California Civil Code § 1788.14(c) by initiating communications with Plaintiff after it had been notified in writing that she was represented by attorneys. Further, because Defendant's actions violated 15 U.S.C. § 1692c, Defendant also violated California Civil Code §1788.17.

34. On or about December 22, 2015 at approximately 3:23 p.m., an unidentified agent of Defendant called Plaintiff at (510) 417-0763 from (510) 962-5199 in an attempt to collect on the alleged debt. This call was made with the knowledge that Plaintiff was represented by attorneys at Higbee & Associates. Higbee & Associates did not fail to answer any correspondence from Defendant and did not provide prior consent to directly communicate with Plaintiff. Thus, Defendant violated 15 U.S.C. §1692c(a)(2) and California Civil Code § 1788.14(c) by initiating communications with Plaintiff after it had been notified in writing that she was represented by attorneys. Further, because Defendant's actions violated 15 U.S.C. § 1692c, Defendant also violated California Civil Code §1788.17.

## FIRST CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 *et seq.*

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

37. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## SECOND CAUSE OF ACTION

### Violations of the Rosenthal Fair Debt Collection Practices Act
### §§ 1788-1788.32 (RFDCPA)

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the RFDCPA.

40. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

///

///

///

///

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for

### Fair Debt Collection Practices Act

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant; and
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### Rosenthal Fair Debt Collection Practices Act

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendant; and
- an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendant.

Respectfully submitted this 24 day of August 2016

By: _____
Mathew K. Higbee
HIGBEE & ASSOCIATES
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, KENDRA DERDEN, hereby demands a trial by jury in the above matter.

Respectfully submitted this 24 day of August 2016

By: _____
Mathew K. Higbee
HIGBEE & ASSOCIATES
*Attorney for Plaintiff*